# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

| | |
|---|---|
| JERRY ROLLINS OGLESBY, on behalf of M.S.S. and CATHERINE SHULMAN, | : : : : |
| Petitioners, | : CIVIL ACTION NO.: CV514-103 |
| v. | : : : |
| JUDGE D. JAY STEWART and ANGELA SHUMAN, | : : : |
| Respondents. | : |

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jerry Oglesby ("Oglesby"), who is currently housed at the Ware County Jail in Waycross, Georgia, filed a pleading which has been docketed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Oglesby also filed a Motion to Proceed *In Forma Pauperis*. (Doc. 2.) For the reasons which follow, Oglesby's Motion to Proceed *In Forma Pauperis* is **DENIED**, and his petition should be **DISMISSED**. Additionally, Petitioner should be **DENIED** leave to appeal *in forma pauperis* and he should be denied a certificate of appealability.

BACKGROUND

Oglesby filed his pleading on behalf of a minor child he claims is his grandniece, and Catherine Shuman, the minor child's mother. Oglesby contends the minor child has been imprisoned falsely for almost three (3) years "under the color of legal process[,]" ostensibly due to a Georgia court's ruling in a child custody hearing. (Doc. 1, p. 2.) Oglesby asserts David Cavender and Jay Stewart, both of whom are judges with the Georgia courts, conspired with:

Dena Gardner, an attorney; Sherry Long, the Clerk of Court for Long County, Georgia; and Angela Shuman, the minor child's grandmother, to imprison the minor child, in violation of various Georgia statutes and 42 U.S.C. § 1983. Oglesby maintains the minor child should be returned to her mother once the "truth prevails at the writ hearing[.]" (Id. at p. 5.)

DISCUSSION

Petitioner bring this action under 28 U.S.C. § 2254. Pursuant to Rule 4 of the Rules governing Section 2254 petitions:

> The clerk must promptly forward the petition to a judge . . ., and the judge must promptly examine [the petition]. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

Moreover, to the extent that Petitioner seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983, the Court is obligated to dismiss the case, *sua sponte,* if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); see also, 28 U.S.C. § 1915A. The requisite review of Oglesby's Petition raises several doctrines of law which require the dismissal of the Petition.

**I.     Standing**

Article III of the United States Constitution limits the power of federal courts to adjudicating actual "cases" and "controversies." U.S. CONST. art. III, § 2, cl. 1. The most significant case-or-controversy doctrine is the requirement of standing. See Georgia State Conference of NAACP Branches v. Cox, 183 F.3d 1259, 1262 (11th Cir. 1999). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues." Nat'l Alliance for Mentally Ill, St. Johns Inc. v. Bd. of Cnty. Comm'rs of St. Johns Cnty., 376 F.3d 1292, 1294 (11th Cir. 2004) (citing Warth v. Seldin, 422

U.S. 490, 498 (1975)). The party who invokes federal jurisdiction must establish that he has standing to assert his claim. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). "There are at least three distinct forms of standing: taxpayer standing, individual standing, and organizational standing." St. Johns, 376 F.3d at 1294 (citations omitted). "To establish standing under any one of these, a party must 'demonstrate that he has suffered 'injury in fact,' that the injury is 'fairly traceable' to the actions of the defendant, and that the injury will likely be redressed by a favorable decision.'" Id. at 1295 (quoting Bennett v. Spear, 520 U.S. 154, 162 (1997)).

It appears that Oglesby has brought this Petition on behalf of a minor child and that minor child's mother. While the Court notes Oglesby's relationship to the minor child, it does not appear that he has been appointed the child's guardian or given any other authority to litigate on behalf of the child. Moreover, Oglesby has not shown how he has suffered any injury in fact based on the alleged actions of the Respondents. Oglesby's Petition should be **DISMISSED** for these reasons. Even if Oglesby had standing to assert these claims, he is not entitled to any relief in this Court, as discussed in the following Sections of this Report.

**II.     Habeas Corpus**

"Application for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf. It shall allege the facts concerning the applicant's commitment or detention, the name of the person who has custody over him and by virtue of what claim or authority, if known." 28 U.S.C. § 2242. A court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.

Oglesby is not attacking his custody pursuant to this Section 2254 proceeding, and it is not apparent that the minor child for whom Oglesby has brought this petition is even in custody, much less in custody in violation of federal law. Relief pursuant to Section 2254 is not applicable or available to Oglesby. Rule 1(a)(1), Rules Governing Section 2254 Cases ("These rules govern a petition for writ of habeas corpus filed . . . by a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States[.]"). Consequently, this Section 2254 Petition must be **DISMISSED**.

### III. 42 U.S.C. § 1983

To the extent Oglesby seeks relief pursuant to 42 U.S.C. § 1983, his attempt fails. Oglesby names as Respondents Judge Jay Stewart and Angela Shuman. However, Judge Stewart is immune from suit, and Oglesby fails to state a claim against Ms. Shuman.

As to Judge Stewart, Congress did not abrogate the doctrine of judicial immunity when it enacted section 1983. Judicial immunity is an absolute immunity, and it applies even when a judge acts maliciously. Stump v. Sparkman, 435 U.S. 349, 356 (1978) (holding judicial immunity doctrine applies in § 1983 actions); Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986). Absolute immunity not only protects against liability but also against a case going to trial at all. Harris, 780 F.2d at 914 (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). To determine whether a judge is entitled to absolute immunity from money damages under Section 1983, a two-part test was established in Stump: 1) whether the judge dealt with the plaintiff in a judicial capacity; and 2) whether the judge acted in the "clear absence of all jurisdiction." Id. (quoting Stump, 435 U.S. at 357). The second prong of this test is "only satisfied if a judge completely lacks subject matter jurisdiction." Id. at 916. Oglesby has failed to show that Judge

Stewart acted in the clear absence of jurisdiction. Thus, Oglesby's putative Section 1983 claims against Judge Stewart should be **DISMISSED** under the doctrine of judicial immunity.

In addition, a plaintiff must set forth "a short and plain statement of the claim showing that [he] is entitled to relief." FED. R. CIV. P. 8(a)(2). In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must satisfy two elements. First, a plaintiff must allege that an act or omission deprived him "of some right, privilege, or immunity secured by the Constitution or laws of the United States." Hale v. Tallapoosa Cnty., 50 F.3d 1579, 1582 (11th Cir. 1995). Second, a plaintiff must allege that the act or omission was committed by "a person acting under color of state law." Id. While the state-actor requirement traditionally precludes suit against a private party under this Section, a private party may qualify as a state actor for Section 1983 purposes in "rare circumstances." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992). The Eleventh Circuit Court of Appeals recognizes a private party as a state actor only when one of three tests is satisfied: "the state compulsion test, the public function test, or the nexus/joint action test." Davis v. Self, 547 F. App'x 927, 933–34 (11th Cir. 2013) (citing Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001)). Oglesby has failed to set forth any assertions which reveal that Angela Shuman, the minor child's grandmother, is a state actor or that Angela Shuman violated his or the minor child's constitutional rights. Consequently, Oglesby's claims against Ms. Shuman should be **DISMISSED** as well.

**IV.  State Law**

Finally, to the extent Oglesby seeks to invoke this Court's jurisdiction based on provisions of Georgia law, he cannot do so. This Court has jurisdiction over claims involving a federal question or those claims involving parties who are citizens of different states. See 28

U.S.C. §§ 1331 & 1332. As this Petition does not satisfy either of these jurisdictional prerequisites, Oglesby's Petition should be **DISMISSED** for this reason, as well.

V.      **Leave to Appeal *In Forma Pauperis* and Certificate of Appealability**

The Court should also deny Oglesby leave to appeal *in forma pauperis,* and he should be denied a Certificate of Appealability ("COA"). Though Petitioner has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. See Thomas v. Crosby, 371 F.3d 782, 797 (11th Cir. 2004) (Tjoflat, J., specially concurring) ("A district court may *sua sponte* grant or deny a COA at the same time it rules on the merits of a habeas petition or rejects it on procedural grounds. This is arguably the best time for a district judge to decide this matter because the issues are still fresh in [the district court's] mind."); Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal); FED. R. APP. P. 24(a)(3) (trial court may certify that appeal is not take in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cnty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531

(11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Additionally, under 28 U.S.C. § 2253(c)(1), an appeal cannot be taken from a final order in a habeas proceeding unless a certificate of appealability is issued. A certificate of appealability may issue only if the applicant makes a substantial showing of a denial of a constitutional right. The decision to issue a certificate of appealability requires "an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In order to obtain a certificate of appealability, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Id. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also Franklin v. Hightower, 215 F.3d 1196, 1199 (11th Cir. 2000). "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El, 537 U.S. at 336.

Based on the above analysis of Petitioner's action and applying the certificate of appealability standards set forth above, the Court discerns no issues worthy of a certificate of appeal, and therefore, the Court should **DENY** the issuance of a certificate. Furthermore, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**.

CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that this action be **DISMISSED** and that Oglesby be **DENIED** leave to appeal *in forma pauperis* and be **DENIED** a certificate of appealablity. Oglesby's Motion to Proceed *In Forma Pauperis* before this Court is **DENIED**.

Any party seeking to object to this Report and Recommendation is **ORDERED** to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Petition must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Petitioner.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 2nd day of April, 2015.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA